USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------  X
     UNITED STATES OF AMERICA,                              :
                                                            :
                    -against-                               :        18-CR-563 (VEC)
                                                            :
     MARK GOODHOPE,                                         :             ORDER
                                                            :
                                       Defendant.           :
----------------------------------------------------------  X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 17, 2021, the parties appeared for a hearing on Mr.

Goodhope's alleged violations of the conditions of his supervised release; and

WHEREAS Mr. Goodhope pled not guilty to the specifications;

IT IS HEREBY ORDERED that the conditions of Mr. Goodhope's supervised release are

modified, as follows:

For the next 10 weeks, until Wednesday, December 1, 2021, Mr. Goodhope is subject to

home detention with electronic monitoring.  Mr. Goodhope is restricted to his residence

at all times with the exception of employment, medical care, substance use or other

mental health treatment, and other activities pre-approved by the Probation Office.  Mr.

Goodhope must share his schedule of medical and other appointments with Probation and

he must work with Probation to set a day of the week that he will be permitted to leave

his house to run errands like grocery shopping and laundry.  Any changes to the schedule

or any requests to leave his house for other reasons must be made to the Probation Officer

at least three business days in advance.

IT IS FURTHER ORDERED that Mr. Goodhope must attend all mental health and

substance use treatment sessions.  The Probation Office is directed to find a new counsellor for

Mr. Goodhope and to notify the Court immediately if Mr. Goodhope fails to attend any treatment session or declines a request to provide urine for a drug test.

IT IS FURTHER ORDERED that if Mr. Goodhope misses any scheduled treatment session, the Court will immediately schedule a hearing on Mr. Goodhope's alleged violations of the terms of his supervised release and, if a violation is proven, the Court will immediately proceed to sentencing. The Probation Office must submit a status report to the Court and to the parties by no later than **Friday, November 19, 2021**.  The status report must include the results of any drug tests.

IT IS FURTHER ORDERED that the next status conference in this matter is scheduled for **Wednesday, December 1, 2021 at 10:30 A.M.**  The conference will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.

IT IS FURTHER ORDERED that per the SDNY COVID-19 COURTHOUSE ENTRY PROGRAM, any person who appears at any SDNY courthouse must complete a questionnaire and have his or her temperature taken.  Please see the enclosed instructions.  Completing the questionnaire ahead of time will save time and effort upon entry.  Only those individuals who meet the entry requirements established by the questionnaire will be permitted entry.  Please contact chambers promptly if you or your client do not meet the requirements.

IT IS FURTHER ORDERED that any person who appears at any SDNY courthouse must comply with Standing Order M10-468 (21-MC-164), which further pertains to courthouse entry.

IT IS FURTHER ORDERED that interested members of the public may attend the conference by dialing 1-888-363-4749, using the access code 3121171 and the security code

0563.  All of those accessing the hearing are reminded that recording or rebroadcasting of the proceeding is prohibited by law.

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government.  *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence.  The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future.  These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

---

[1]     This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

**SO ORDERED.**

**Date:   September 17, 2021**
      **New York, NY**

                                     **VALERIE CAPRONI**
                                     **United States District Judge**

**Instructions for Courthouse Entry**

All members of the public, including attorneys, appearing at a Southern District of New York courthouse must complete a questionnaire and have their temperature taken before being allowed entry into that courthouse.

On the day you are due to arrive at the courthouse, click on the following weblink to begin the enrollment process. Follow the instructions and fill out the questionnaire. If your answers meet the requirements for entry, you will be sent a QR code to be used at the SDNY entry device at the courthouse entrance.

Weblink: https://app.certify.me/SDNYPublic

Note: If you do not have a mobile phone or mobile phone number, you must complete the questionnaire and temperature screening at an entry device at the courthouse.